In Re Joseph J. Turmel                    CV-03-217-JM  08/06/03

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW HAMPSHIRE

In Re: Joseph J. Turmel and A Certain
2002 Lexus IS 300,
Vin #JTHBD192920034818                        Civil No. 03-217-JM
                                              Op. No. 2003 DNH 139

### O R D E R

The United States moves to dismiss the complaint for lack of subject matter jurisdiction.  Petitioner objects.

### Standard of Review

When a defendant moves to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of proving the existence of subject matter jurisdiction.  Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996).  I must construe the complaint liberally, treating all well-pled facts as true and indulging all reasonable inferences in favor of the plaintiff.  Id. at 1209-210.  The moving party may present, and I may consider, materials outside of the pleadings that dispute the plaintiff's jurisdictional facts.  Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 at 213 (2d ed. 1990).

### Background

On October 11, 2001, petitioner was operating his 2002 Lexus

northbound on Interstate 89. With him as a passenger was Patrick Kelley. After what petitioner describes as a pretextual stop, the car was searched by New Hampshire State Troopers. In the trunk the officers found a knapsack belonging to Kelley which contained $37,975.00 and trace amounts of marijuana. A further search of the car, aided by a drug detection dog, uncovered the burnt remnants of a marijuana cigarette in the ashtray. Petitioner was subsequently charged with and found guilty of the misdemeanor of Simple Possession of Controlled Substance. He was fined $250.00 which fine has been stayed pending appeal.

Meanwhile, the Drug Enforcement Administration (DEA), in what petitioner asserts to have been either a thoughtless or draconian act, proceeded toward forfeiture of the Lexus. Petitioner filed a Petition for Remission with the DEA which ultimately issued its Administrative Finding of Forfeiture. Petitioner inadvertently missed the opportunity for a judicial determination of the forfeiture claim.

The petitioner challenges neither the statutory authority of the DEA to make a forfeiture determination nor its process, procedure, rational or exercise of discretion. The claim, petitioner states, is a pure Eighth Amendment claim that the

amount of the forfeiture is excessive and bears no relationship to the gravity of the offense.

## Discussion

Petitioner's claim, as plead and as briefed, is premised solely upon the excessive fine provision of the Eighth Amendment. Accepting, as I do, petitioner's allegations as being true, the petition must be dismissed nevertheless for lack of subject matter jurisdiction. There can be little doubt that the Supreme Court has recognized that the Eighth Amendment does apply to in rem civil forfeiture cases and prohibits as an excessive fine a forfeiture disproportionate to the gravity of the offense. See Austin v. United States, 509 U.S. 602, 621-622 (1993); United States v. Bajakajian, 524 U.S. 321, 324 (1998). On the face of the petition the forfeiture of a Lexus because the ashtray contained a few remnants of a marijuana cigarette would appear to demonstrate a gross disproportionality.[1]

As disproportionate as the forfeiture may seem on the face of the complaint, the court is constrained to ignore sympathy and be "bound by the rule of law and the adversary process." Sarit

---

[1]Limited as the court is to the face of the complaint, no consideration has been given to the specific basis upon which the administrative forfeiture was made.

3

v. U.S. Drug Enforcement Admin., 987 F.2d 10, 17 (1st Cir. 1993). The court "cannot come in, deux ex machina, and save a claim where notice is constitutionally sufficient and any failures in its effectiveness should have been corrected by plaintiff's counsel." Id. By failing to pursue his claim in a judicial forum as provided for by statute petitioner has waived his Eighth Amendment claim. See Litzenberger v. United States, 89 F.3d 818, 821 (1996); Laconia Savings Bank v. United States, 116 F. Supp. 2d 248, 255 (D.N.H. 2000); Walker v. U.S. Drug Enforcement Admin., 2002 WL 1870131, at *2 (S.D.N.Y. Aug. 14, 2002); Concepcion v. United States, 938 F. Supp. 134, 139 (1996).

Except as to the procedural safeguards which are admittedly not at issue here the court simply has no subject matter jurisdiction to review the administrative decision. See Laconia Savings Bank v. United States, 116 F. Supp. 2d at 253.

The motion to dismiss (document no. 3) is granted.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: August 6, 2003

cc:   F. Michael Keefe, Esq.
      Robert J. Rabuck, Esq.

4